**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| WILLIAM LUTHER KALE, ) | |
| ID # 1739830, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-2580-O-BH |
| ) | |
| JOHNNY D. BROWN, Sheriff, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 against Ellis County Sheriff Johnny Brown, Nurse Cash, Med Tech "Lisa," and Dr. Fortner. He claims that he sustained a hernia while working at the Ellis County jail as a trustee and did not receive proper treatment because it was not repaired. (Complaint ("Compl.") at 3-4; First Magistrate Judge's Questionnaire Answers[1] ("1st MJQ Ans.") 5, 6). He also claims that he was given medicine to treat a fungal infection that was initially prescribed for another inmate in the jail. (Compl. at 3-4, 1st MJQ Ans. 9). He seeks to have his hernia repaired and to recover all medical expenses, payment for filing fees, and compensation for his pain and suffering and due to medical neglect. (1st MJQ Ans. 10).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas Department of Criminal Justice who has been permitted

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

to proceed *in forma pauperis*.[2] As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978);

---

[2] Plaintiff transferred from the Ellis County jail to the Hutchins State jail after filing his complaint.

*Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Sheriff**

Plaintiff sues Sheriff Brown based on the actions of the medical staff who work at the Ellis County jail.  Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability.  *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005).   In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right.  *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  The acts of a subordinate "trigger no individual § 1983 liability."  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Id.*  A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Here, Plaintiff does not allege that Sheriff Brown had any involvement in the medical staff's alleged action or inaction.  Instead, he sues the Sheriff because he "is over Medical Dept. Of Ellis Co. Jail" and "over whom selects trustees of the jail." (1st MJQ Ans. 2).  Therefore, any claim against the Sheriff arising from any action or inaction is based solely on his supervisory role, and Plaintiff fails to state a plausible claim against him.

**B.     Medical Staff**

Plaintiff sues Dr. Fortner for providing inadequate medical care with respect to a hernia, and he sues the nurse and medical technician for providing him inadequate medical care with respect to a fungal medication he was given.

3

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### 1. **<u>Doctor</u>**

Plaintiff alleges that Dr. Fortner provided inadequate medical care for a hernia he sustained

while working as a trustee in the jail by refusing to have the hernia repaired, even after conceding that it was a "big one." (Compl. at 4, 1st MJQ Ans. 5). Plaintiff further complains that Dr. Fortner characterized surgery to repair his hernia as elective. (1st MJQ Ans. 5). Plaintiff concedes that Dr. Fortner examined his hernia three times between August 15, 2011, when he sustained the hernia, and October 14, 2011, when he was transferred to the Hutchins State jail. (1st MJQ Ans. 5, 8; 2nd MJQ Ans. 2). Plaintiff further concedes that Dr. Fortner informed him that it would be repaired when he was transferred to state jail, that his hernia was examined at the state jail on October 26, 2011, and that he has been prescribed pain medication. (1st MJQ ans 5; 2nd MJQ Ans. 4). Recently, on January 13, 2012, Plaintiff informed the Court that the doctor had scheduled him for surgery, which could take place within thirty days. (doc. 10).

Plaintiff complains about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A failure to provide additional treatment may show medical malpractice, but not deliberate indifference, because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 321, 321 (5th Cir. 1991). Furthermore, a delay in medical care, such as a delay in scheduling hernia surgery, is a constitutional violation only if there has been deliberate indifference which results in substantial harm, which he has not alleged. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff's allegations about the actions of these defendants are not sufficient to state a violation of his constitutional rights. *See Barrett v. Miss. Dept. Of Corr.*, 427 Fed. Appx. 349, 352 (5th Cir. June 3, 2011) (holding that plaintiff's complaint regarding a delayed

hernia surgery, where prison medical staff made regular efforts to diagnose, treat, monitor, and control his injury, was a disagreement with the care he received that did not establish a claim of deliberate indifference); *Baez v. INS*, 2007 WL 2438311, *2 (5th Cir. Aug. 22, 2007) (holding that doctors were not deliberately indifferent to plaintiff's hernia where he received medical treatment and pain medication and the plaintiff ultimately had surgery when he was transferred to another facility) Plaintiff's claims against Dr. Fortner should be dismissed.

### 3. Nurse and Medical Technician

Plaintiff also sues a nurse and a medical technician at the Ellis County jail. He claims that the nurse gave him a medication for a fungal infection on his face for two days, on June 31, 2011,[3] and July 1, 2011, but did not continue the medication after that date and told Plaintiff that the medication belonged to another inmate. (1st MJQ Ans. 3). Plaintiff further claims that the medical technician gave him the same medication on July 2, 2011, and never told him that the medicine belonged to another inmate. (1st MJQ Ans. 4). Plaintiff further states that the medication irritated his skin, and that he was given the correct medication a few days later, when the order was filled. (1st MJQ Ans. 7).

Plaintiff's claims against the nurse and medical technician relate to his medical treatment and fail for the same reasons as the claims against the doctor. Plaintiff's allegations do not rise to the level of deliberate indifference. Plaintiff does not allege that the nurse or medical technician refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly. At most, he has alleged that the nurse and medical technician negligently or carelessly gave him medication that was prescribed for another and subsequently corrected this error. As such, Plaintiff does not state

---

[3] Because June has only thirty days, the Court assumes that Plaintiff means that he was given the medicine on June 30, 2011.

a constitutional violation. *Johnson v. Treen*, 759 F.2d at 1238. *See also Green v. Ross*, 398 Fed. Appx. 2, *2 (5th Cir. Sept. 2, 2010) (holding that allegations that a nurse negligently and carelessly gave the plaintiff the wrong medication were properly dismissed where there was no allegation that the nurse intentionally treated him incorrectly or that he suffered any injury from the alleged mistreatment). Plaintiff has not alleged a cognizable cause of action against the nurse and the medical technician, and the claims against them should also be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 5th day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE